Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 SEP -7 PM 4: 17

CLERK OF COURT



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| RIZAL DAQUIOAG and CECILIA DAQUIOAG <br><br>            Plaintiffs, <br><br>     vs. <br><br> ANTHON EDWARD, <br><br>            Defendant. | CASE NO. CV1905-10 <br><br> **DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on Plaintiff's Motion for Summary Judgment. Attorney William L. Gavras represented Plaintiffs, Rizal Daquioag and Cecilia Daquioag. Defendant Edward appeared, *pro se*. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and applicable law, the Court now issues its Decision and Order.

## FACTUAL HISTORY

In September of 2000, Plaintiff and Defendant entered into a Residential Lease and Purchase Agreement ("Agreement") for a property identified as residential home situated on Lot No. 2360-14, Barrigada, Guam. Under the Agreement, Plaintiff agreed to lease the home to Defendant in exchange for Defendant's promise to make timely mortgage payments on the property. Upon making the final mortgage payment, Defendant would be deemed to have purchased the property and would receive a deed of ownership recorded in his name. The Agreement provided, however, that any default of mortgage payments by Defendant would result in a forfeiture of all prior payments and would void the Agreement.

Sometime in 2006 or 2007, Defendant began falling behind on his payments. Plaintiff was forced to take out a new mortgage on the home with a different bank and Defendant was directed to make payments at the new bank. Defendant apparently continued to struggle to make timely mortgage payments and, at some point in 2009, he stopped payments altogether.

In October, 2010, after a year of nonpayment by Defendant, Plaintiffs served Defendant with a Notice to Pay Rent or Surrender Possession ("Notice"). The Notice demanded that Defendant pay one year's worth of delinquent rent totaling $15,899.64, or surrender possession of the property. Defendant failed to comply with either option and Plaintiffs filed this unlawful detainer proceeding on December 3, 2010.

Although an unlawful detainer action is a summary proceeding that enjoys statutory priority over other civil matters before the court, this particular action has not proceeded summarily. Defendant did not file an answer or otherwise defend against either the original Complaint or the First Amended Complaint, which Plaintiffs filed on June 24, 2011. Rather than move for entry of default, Plaintiffs proceeded to discovery. Plaintiffs filed the present motion for summary judgment on December 12, 2011. Though the court scheduled a hearing on the motion for January 9, 2012, Defendant claimed that he had not been served a copy of Plaintiffs' motion and the Court continued the matter. On April 2, 2012, Plaintiffs' attorney failed to appear for a hearing on the motion for summary judgment and the matter was again continued. The Court attempted to hold yet another hearing on the motion for summary judgment on May 7, 2012, but as a result of Defendant's failure to serve Plaintiffs with a written opposition, the hearing was continued for the last time to June 11, 2012, at which time the Court took the matter under advisement.

## DISCUSSION

Plaintiffs move for summary judgment under Rule 56 of the Guam Rules of Civil Procedure. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." GRCP 56(c). A genuine issue exists when sufficient evidence establishes a factual dispute requiring resolution by a fact-finder. *Iizuka Corp.*

*v. Kawasho Int'l, Inc.*, 1997 Guam 10 ¶ 7; *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). Whether a fact is material is determined by the governing substantive law. If the fact may affect the outcome, it is material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986); *Edwards Corp. v. Kawasho Int'l, Inc.*, 2000 Guam 27 ¶ 7. On a motion for summary judgment inferences are drawn and the evidence is viewed in a light most favorable to the non-moving party. *Id.* The moving party bears the burden of proving the absence of an issue of material fact. *Id.* If the moving party's evidence, standing alone, is sufficient to entitle the party to judgment, the party opposing summary judgment must show "that there is sufficient proof of the matters alleged to raise a triable question of fact." *Guerrero v. McDonald's Int'l Prop. Co.*, 2006 Guam 2 ¶ 24 (citing *Buehler v. Alpha Beta Co.*, 274 Cal.Rptr. 14, 15 (Ct. App. 1990)).

An action for unlawful detainer is governed by statute. Title 21, section 21103 of the Guam Code provides in relevant part:

### § 21103. Unlawful Detainer Defined.

A tenant of real property, for a term less than life, is guilty of unlawful detainer:

. . .

(b) When he continues in possession, in person or by subtenant, without the permission of his landlord, or the successor in estate of his landlord, if any there be, after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and five (5) days' notice in writing, requiring its payment, stating the amount which is due, or possession of the property, shall have been served upon him, and if there is a subtenant in actual occupation of the premises, also upon such subtenant. Such notice may be served at any time within one (1) year after the rent becomes due. . . .

21 GCA § 21103(b). Thus, in order to prevail on a claim for unlawful detainer under subsection (b), a lessor must prove three elements: (1) that the lessee defaulted in the payment of rent; (2) that after the default, the lessee continued in possession of the premises without permission of the landlord; and (3) that lessor served lessee with five

days' notice in writing stating the amount that is due and requiring payment or possession of the property.

Plaintiff has put forth sufficient evidence showing there is no issue of material fact regarding Defendant's continued occupation of the premises despite Defendant's being delinquent on rental payments and despite Plaintiff's requests that Defendant pay or vacate the property. Under the Agreement, Defendant agreed to pay the monthly mortgage on the property in exchange for living on the premises and for having the option to take title to the property if Defendant made all necessary mortgage payments. (Pl.'s Verified Complaint for Unlawful Detainer, Exh. A, Section 7) Defendant admitted in his deposition that he has not made full payment on the mortgage and is, therefore, a lessee of the property. (Depo. Trans. of Anthon Edward ("DT") att. to Pl.'s Mot. for Summ. J. p. 84 lns. 9-24) Defendant also admitted that he made numerous late payments in violation of the Agreement. (DT p. 80, ln. 5-15; p. 109 lns. 6-24, p. 110 lns. 1-6) Moreover, Defendant admits he has not paid on the lease for some time and is still living in the home, despite having received Plaintiff's Notice:

Q. Are you still in possession of the premises that are described in the Residential Lease and Purchase Agreement, Exhibit A?

A. Yes.

Q. And you've paid no monies to me or the Plaintiffs since receiving the document, Plaintiff's Exhibit B [the Notice to Pay Rent or Surrender]; isn't that correct?

A. Yes.

(DT p. 41, lns. 1-8).

Defendant offers no evidence establishing that there is dispute of fact regarding his delinquent payments, his continued occupation of the property despite Plaintiffs' demand to vacate, or the validity of the Notice. Based on Plaintiffs' evidence consisting of the admissions by Defendant, the Agreement, and the Notice, it is clear that there is no genuine issue of fact with respect to Defendant's unlawful detainer of the premises and summary judgment on this issue is appropriate.

Once a party successfully proves a claim of unlawful detainer, the court must enter judgment for the restitution of the premises and the court must also assess

-4-

damages "and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment of rent." 21 GCA § 21115. Section 21115 further instructs that "[j]udgment against the defendant guilty of . . . unlawful detainer may be entered in the discretion of the court either for the amount of the damages and rent found due, or for three (3) times the amount so found." 21 GCA § 21115.

In the present case, Plaintiffs have not conclusively established the amount of damages and rent due. While the Notice sent by Plaintiff contains a general statement that Defendant has defaulted on one year's rent and provides a statement of the amount due, the Notice does not state the months of nonpayment and does not conclusively establish the amount of back rent. Furthermore, the Agreement does not specify the monthly amount that Defendant was required to pay: the Agreement simply directs Defendant to pay the full monthly mortgage amount on Bank of Guam Loan No. 1801-033914, whatever that may be. (Pl.'s Verified Complaint for Unlawful Detainer, Exh. A, Section 7) And although the copy of the deposition transcript includes a number of attached exhibits relating to Defendant's nonpayment, Plaintiffs did not include portions of the transcript that provide a proper foundation for admission of the exhibits.

In order to prove the amount of back rent that can properly be claimed in an unlawful detainer action, Plaintiffs must offer evidence of the specific months claimed in the Notice for which there was no payment. However, the Court notes that in this unlawful detainer action Plaintiffs may not claim any nonpayment for rent due prior to October 26, 2009, the full year before Plaintiffs sent the Notice to Defendant. 21 GCA § 21103(b); *Archbishop of Guam v. G.F.G. Corp.*, 1997 Guam 12 ¶¶ 12-13. If Plaintiffs wish to recover any back rent not recoverable in this unlawful detainer action, they must file a separate breach of contract claim. *See Levitz Furniture Co. v. Wingtip Communications, Inc.*, 103 Cal. Rptr. 2d 656, 658 (Cal. Ct. App. 2001) (interpreting California's nearly identical unlawful detainer statute and stating that "[i]f the landlord waits over a year to sue for unpaid rent, he or she is limited to collecting such rent in a standard breach of contract action."). Plaintiffs here failed to show an absence of material fact relating to the amount of damages or back rent owed by Defendant.

Finally, this Court briefly addresses the forfeiture of the lease. Under Guam law, once a court finds in favor of a lessor on an unlawful detainer claim, it must order the

forfeiture of the lease, but only if the landlord states his election for forfeiture in the notice: "the judgment shall also declare the forfeiture of such lease or agreement, if the notice required by '1161 of this Chapter states the election of the landlord to declare the forfeiture thereof, but if such notice does not so state such election, the lease or agreement shall not be forfeited." 21 GCA § 21115. The statute fails to specifically define what constitutes an 'election of the landlord to declare the forfeiture' of the lease. This Court found no case law in this jurisdiction interpreting this vague statutory language. However, "[i]t is a generally accepted rule of statutory interpretation that a jurisdiction adopting a statute from another accepts the construction placed on it by the original jurisdiction." *Custodio v. Boonprakong*, 1999 Guam 5 ¶ 11. Thus, because our unlawful detainer statutes were adopted from California, this Court finds guidance from California cases interpreting that state's identical statutes.

California courts have applied the general premise that where no right of re-entry exists, an expressed intention by a lessor to institute unlawful detainer proceedings constitutes a sufficient declaration of forfeiture of the lease. *See, e.g.*, *Matter of Escondido W. Travelodge*, 52 B.R. 376, 380 (S.D. Cal. 1985) ("lessee's right to possession is deemed terminated as of the time the landlord files his unlawful detainer action."); *Grand Cent. Pub. Mkt. v. Kojima*, 54 P.2d 786, 789 (Cal. Ct. App. 1936) (stating in dicta that "the lease is terminated only if the notice is acted upon by one of the parties. If the lessor had brought an unlawful detainer suit based upon the notices to quit . . . then the court trying such unlawful detainer action would, upon a proper showing, have the undoubted right to decree a forfeiture of the lease."); *A.H. Busch Co. v. Strauss*, 284 P. 966, 967 (Cal. Ct. App. 1930) (holding that a notice stating that lessor would institute legal proceedings for treble damages clearly evinces an intention to terminate the lease).

In *Neuhaus v. Norgard*, 140 Cal. App. 735, 738, 35 P.2d 1039, 1041 (1934), lessor filed a claim for unlawful detainer against lessee after serving lessee a notice to pay or quit the premises. The trial court found in favor of lessor and ruled that the lease was terminated as of the expiration of the notice to pay or quit the premises. On appeal, lessee argued that the trial court erred in terminating the lease because the notice lacked the statutory requirement that it contain a statement of forfeiture. The

-6-

appellate court held that even where a notice lacks an express statement of forfeiture, such notice will support forfeiture of the lease if it evidences an intention to terminate the lease. *Neuhaus*, 35 P.2d at 1040. The court, upon recognizing the holdings in prior California in which termination of the lease was held to be proper despite a somewhat vague notice, found that the language in the notice indicating lessor's intention to institute legal proceedings was sufficient to evidence the lessor's intention to terminate the lease and the court therefore affirmed the ruling of the trial court. *Id.* at 1041-42.

In this case, the notice clearly stated that if Defendant failed to pay rent or surrender the premises, Plaintiffs would institute legal proceedings. Moreover, the Agreement clearly provides that any default on the payments by Defendant would result in the Agreement being "declared null and void." (Pl.'s Verified Complaint for Unlawful Detainer, Exh. A, Section 7) Given these facts, this Court finds that the lease was terminated on November 1, 2010, the expiration of the five day notice.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment is GRANTED in part. This Court finds that Plaintiffs have proven an absence of material fact with respect to Defendant's unlawful detainer of the premises identified as Lot #2360-14, Barrigada Guam, otherwise known as house # 146 on Camacho Street, Barrigada, though Plaintiffs failed to present sufficient evidence of the amount owed in back rent. Plaintiffs are entitled to immediate possession of the premises. The Court hereby ORDERS Defendant to vacate the premises and turn over possession of the premises to the Plaintiffs. Furthermore, the Court holds that the lease terminated on November 1, 2009. Judgment will enter accordingly.

Further proceedings are scheduled for November 5, 2012 at 2 p.m., for the purpose of determining back rent and damages.

It is **SO ORDERED** this 7th day of September, 2012.

SEP 07 2012

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam

SEP 07 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

*ORIGINAL*